IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RELIANCE STANDARD<br>LIFE INSURANCE COMPANY<br>2001 Market Street, Suite 1500<br>Philadelphia, PA  19103<br><br>    v.<br><br>MASOOMEH ASHOORI MATINI<br>1800 Old Meadow Road<br>#1011<br>McLean, VA  22102<br><br>    and<br><br>E. ALEXANDER MATINI<br>individually and as Administrator of the<br>ESTATE OF HOUMAN MICHAEL MATINI<br>1015 33rd Street, N.W.<br>Unit 410<br>Washington, D.C.  20007 | :<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:<br>:  NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## INTERPLEADER COMPLAINT

Reliance Standard Life Insurance Company (Reliance Standard) by and through its undersigned counsel, hereby files this Interpleader Complaint and in support, avers as follows:

### PARTIES

1. Reliance Standard is an insurance company authorized to do business in the Commonwealth of Pennsylvania and the Commonwealth of Virginia.

2. Reliance Standard operates under the laws of the State of Illinois with its administrative offices located at 2001 Market Street, Suite 1500, Philadelphia, PA 19103.

3. Masoomeh Ashoori Matini is an individual and is believed to be a resident of the Commonwealth of Virginia with a last known address of 1800 Old Meadow Road, #1011, McLean, VA 22102.

4. Upon information and belief, Masoomeh Ashoori Matini is also known as Masih Ashoori Matini.

5. F. Alexander Matini is an individual and is believed to be a resident of the District of Columbia with a last known address of 1015 33rd Street, N.W., Unit 410, Washington, D.C. 20007.

6. The Estate of Houman Michael Matini (the "Estate") is an entity established as a result of the death of Houman Michael Matini (decedent).

7. F. Alexander Matini is the Administrator of the Estate.

## JURISDICTION

8. The Court has jurisdiction over this interpleader under Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1331, 28 U.S.C. § 1335 and 29 U.S.C. §1132(e) because the controversy herein involves a federal question in that the life insurance policy at issue is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, et seq.

## VENUE

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because one or more of the defendants resides in this district.

## FACTS

10. Decedent died on February 20, 2005. See Certificate of Death, Exhibit "A."

11. At the time of his death, decedent was employed by Sytex, Inc. and covered under Reliance Standard's group life insurance policy number GL134491 (the "policy"). See policy, Exhibit "B."

12. The policy is part of Sytex, Inc.'s employee welfare benefit plan and is governed by ERISA.

13. As a result of decedent's death, benefits totaling $134,000.00 became due under the group life insurance policy.

14. Prior to his death, plaintiff designated his wife, Masih Ashoori Matini as beneficiary. See June 30, 2002 group enrollment form, Exhibit "C."

15. In accordance with the designation, decedent's wife submitted a Proof of Loss Statement, asserting a claim to benefits under the policy. See Proof of Loss Claims Statement, Exhibit "D."

16. According to the Certificate of Death, decedent's marital status at the time of his death was "married, but separated." See Exhibit "A."

17. On March 18, 2005, F. Alexander Matini submitted a claim on behalf of decedent's family and Estate, claiming that all benefits should be paid to decedent's father, Nasser Matini. See March 18, 2005 letter, Exhibit "E."

18. Nasser Matini never submitted a claim on his own behalf.

19. On April 6, 2005, Reliance Standard advised F. Alexander Matini that the only beneficiary designation in effect, named decedent's wife as the sole beneficiary and asked that he advise Reliance Standard whether he still objects "to the payment of any proceeds to designated beneficiary, Masih Ashoori Matini." See April 6, 2005 letter, Exhibit "F."

20. On April 22, 2005, Alan Plevy, Esquire reasserted a claim on behalf of Masih Matini. See April 22, 2005 correspondence, Exhibit "G."

21. On April 29, 2005, F. Alexander Matini reasserted his claim and argued that payment to Masih Ashoori Matini would be in error. See April 29, 2005 letter, Exhibit "H."

## COUNT I – INTERPLEADER

22. Reliance Standard incorporates paragraphs 1 through 21 of this Interpleader Complaint as if the same were set forth herein at length.

23. At present, the claimants are unable to agree as to the proper distribution of benefits due under the policy.

24. Reliance Standard admits that it is liable for payment of proceeds totaling $134,000.00 under the group life policy.

25. Reliance Standard is able and willing to deposit the disputed funds into the registry of this Court until adjudication of the issue of entitlement to benefits is made.

26. Other than described within this Complaint, Reliance Standard claims no interest in the life insurance benefits of decedent.

27. All obligations under the provisions of the policy have been duly performed and proof of death has been made.

28. Reliance Standard is an innocent entity faced with multiple and conflicting claims of entitlement to the $134,000.00 due under the policy.

29. Reliance Standard has in no way colluded with any of the defendants regarding this dispute.

30. Reliance Standard is not in any way indemnified by any defendant and files this Complaint which involves a cause of action of interpleader to avoid multiple liability, unnecessary suits and the costs incident thereto.

31. Due to no fault of its own and as a result of the conflicting claims, Reliance Standard has been required to incur attorney fees and costs relating to the filing of this interpleader action.

WHEREFORE, Reliance Standard Life Insurance Company respectfully requests that this Court enter an Order:

(a) Directing Reliance Standard to deposit into the registry of this Court, the above-referenced life insurance benefits, along with any accrued interest, until entitlement of benefits is adjudicated;

(b) Enjoining defendants from instituting any action against Reliance Standard in relation to benefits payable under the policy;

(c) Discharging Reliance Standard from all liability except to the person(s) whom this Court shall adjudged entitled to the amount due under the policy;

(d) Awarding to Reliance Standard its attorney fees and costs incurred in the filing of this interpleader lawsuit; and

(e) Granting such other relief as this Court deems fair and just.

TAYLOR SYLLA & AGIN, LLP

BY: *[signature]*
Jean-Marie Sylla, Jr. Esquire
Bar No. 469371
1220 Nineteenth Street, NW, Ste. 501
Washington, DC 20036
Telephone: 202.689.8991