**RELIANCE STANDARD**
Life Insurance Company

2001 Market Street, Suite 1500
Philadelphia, PA 19103-7090
(267) 256-3500
(800) 351-7500

April 6, 2005

F. Alexander Matini
1015 33rd Street, NW, Unit 410
Washington, DC 20007

Re:         Houman Matini
Claim No.:  2005-081-112; 121
Policy No.: GL 134491 and VAR 202119 issued to Sytex, Inc.

Dear Mr. Matini:

We are sorry to learn of your loss and express our condolences to you and your family.

It is our understanding that you have asserted a claim for the proceeds of the above group life insurance policy as a result of the passing of Matini Houman both individually and in your capacity as Executor of the Estate of Houman Martini.

As you probably know, at the time of Mr. Matini's passing, the only named beneficiary under this policy was Masih Ashoori Matini. While we understand that the District of Columbia Certificate of Death indicates that Mr. Matini was "married but separated" at the time of his death, we have no information to indicate that the beneficiary designation was changed at any time prior to Mr. Matini's death.

It is our understanding that the applicable policy of insurance was (at least part) of an *employee welfare benefit plan* such that the processing of any claims asserted thereunder would be controlled by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), and the accompanying regulations. It is also our understanding that the plan participant's beneficiary designation generally controls the distribution of the proceeds, even in the face of contravening state law (*see e.g.*, Egelhoff v. Egelhoff, 121 S.Ct. 1322 (2001)).

Please let us know whether you object to the payment of any proceeds to designated beneficiary Masih Ashoori Matini. If you do not object, any proceeds would be promptly disbursed to Ms. Matini.

If you do object to the payment of the proceeds to designated beneficiary Masih Ashoori Matini, we would ask that you provide us with the basis of your objection. We would also ask that you come to an agreement with Ms. Matini as to whom the proceeds properly belong. If agreement

a **DELPHI** company

cannot be reached, it may be necessary for us to pay the proceeds into court and to ask the court to determine to whom the proceeds rightfully belong.

I am returning the claim file to Senior Life Claims Examiner Thomas Crain of our office. Please direct all future correspondence to his attention. Thank you for your attention in this matter.

                          Sincerely,

                          Peter Sailor
                          Director, Claims Department

Cc

Ronnie Mills
Sytex, Inc.
2003 S. Easton Road, Suite 304
Doylestown, PA 18901

Masih Ashoori Matini
1800 Old Meadow Road, No. 1011
McLean, VA 22102