IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RELIANCE STANDARD
LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                        Civil Action No.:  1:05CV01101 (HHK)

MASOOMEH ASHOORI MATINI,

and

F. ALEXANDER MATINI,

    Defendants.

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MASOOMEH ASHOORI MATINI'S
RULE 12 MOTION TO DISMISS THE COMPLAINT

Defendant Masoomeh Ashoori Matini, by and through her counsel, submits this Memorandum of Law in support of her Motion to Dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure, as follows:

STATEMENT OF FACTS

1. This is an interpleader action filed by Plaintiff Reliance Standard Life Insurance Company ("Reliance Standard") pursuant to Rule 22 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1331, and 28 U.S.C. § 1335.

2. Reliance Standard is an insurance company which operates under the laws of the State of Illinois and is authorized to do business in the Commonwealths of Pennsylvania and Virginia. See Interpleader Complaint, ¶¶ 1 and 2.

3. Reliance Standard seeks to have the Court adjudicate the defendants' rights to the proceeds of a life insurance policy issued by it (group life insurance policy number GL134491 ("the policy")) and insuring the life of Houman Michael Matini ("Decedent"), who, before his death on February 20, 2005, was a resident and domiciliary of the Commonwealth of Virginia. Decedent was

employed by Systex Inc. and worked in its offices in Vienna, Virginia, where he received benefits arising out of his employment. Id., ¶¶ 6, 10-11.

4. Reliance Standard has identified two competing claimants to those proceeds; i.e. (1) Decedent's wife, Masoomeh Ashoori Matini ("Mrs. Matini"), who is the designated beneficiary on Decedent's group enrollment form, and (2) Decedent's brother, F. Alexander Matini, who acting individually and as Administrator of Decedent's Estate, claims the insurance policy proceeds should be paid to Decedent's father, Nasser Matini. Id., ¶¶ 14-21.[1]

5. Claimant Mrs. Matini is a resident and domiciliary of the Commonwealth of Virginia.

6. The Estate of Houman Michael Matini was duly probated in the Circuit Court of Fairfax County by the Administrator of the Estate, Claimant F. Alexander Matini (hereinafter "Administrator").

7. In its Interpleader Complaint, Plaintiff has incorrectly asserted that the Administrator resides in the District of Columbia. Id., ¶ 5. The address provided by Plaintiff is actually the Administrator's work address. According to fiduciary papers filed in the Circuit Court of Fairfax County, Virginia, the Administrator is a resident of the Commonwealth of Virginia and resides at 1581 Leeds Castle Drive, #102, Vienna, Virginia. See Exhibit A.[2]

---

[1] Although he has not submitted a claim on his own behalf (Interpleader Complaint, ¶ 18) Decedent's father, Nasser Matini, may be a party with interest. Upon information and belief, he too, is a resident of the Commonwealth of Virginia.

[2] Documents attached to Motion to Dismiss referred to in Plaintiff's Complaint and central to his claim may be considered. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000) Here, Plaintiff alleges that F. Alexander Matini is the Administrator of Decedent's Estate. Complaint ¶¶ 6 and 7. The documents attached as Exhibit A are fiduciary documents referring to the Estate and Administrator.

# ARGUMENT

## I. The Interpleader Complaint Should Be Dismissed Pursuant to Rule 12(b)(1) For Lack of Subject Matter Jurisdiction

Pursuant to the federal interpleader statute, 28 U.S.C. § 1335, there must be two or more adverse claimants of diverse citizenship in order to maintain an interpleader action in federal district court. This Court does not have jurisdiction pursuant to 28 U.S.C. §1335 as claimants are not diverse in their citizenship as defined by 28 U.S.C. §1332, i.e. all claimants are residents of the Commonwealth of Virginia. *Commercial Union Insurance Co. v. United States*, 999 F.2d 581 (D.D.C. 1993); *see also Asbestos Workers Local No. 23 Pension Fund v. U.S.*, 303 F. Supp.2d 551, 555 (M.D. Pa. 2004)(finding that because no diversity of citizenship existed between the claimants, the court could not exercise jurisdiction over the action under § 1335).[3]

## II. The Interpleader Complaint Should Be Dismissed Pursuant to Rule 12(b)(3) For Improper Venue

A second basis for dismissing the present action is improper venue. Venue considerations for a statutory interpleader action are governed by 28 U.S.C. § 1397, which provides "[a]ny civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. Courts have held that the words "may be brought" in § 1397 must be given a limiting construction and are not really permissive. *See, e.g., Big Island Yacht Sales, Inc. v. Dowty*, 848 F. Supp. 131, 133 (D. Ha. 1993); *RCA Records v. Hanks*, 548 F. Supp. 979, 982 (S.D.N.Y. 1982); *Moseley v. Sunshine Biscuits, Inc.*,

---

[3] Likewise, this Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 22. Jurisdiction exists over a Rule 22 interpleader action if the claimants' potential causes of action against the stakeholder would be subject to the court's jurisdiction under federal law. *Bell & Beckwith v. United States*, 766 F.2d 910, 912-13 (6th Cir. 1985). Here, Rule 22 is not implicated as there are no independent claims or counterclaims to sustain relief under Rule 22 of the Federal Rules of Civil Procedure once the interpleader claim is dismissed.

107 F. Supp. 164, 165-66 (W.D. Mo. 1952). Thus, a statutory interpleader action must be brought in a district where at least one of the claimants resides. *See Metropolitan Life Ins. Co. v. Chase*, 294 F.2d 500, 502 (3rd Cir. 1961)(stating that statutory interpleader venue is improper if the action is filed in a district where none of the claimants reside); *Watson v. Manhattan Bronx Surface Transit Operating Authority*, 487 F. Supp. 1273, 1276 (D. N. J. 1980)(stating that a statutory interpleader action could not be filed in a district where neither of the claimants reside because "such actions must be brought in the judicial district 'in which one or more of the claimants reside.'").

Plaintiff has improperly brought this interpleader action in the District of Columbia by asserting that venue is proper under 28 U.S.C. §1391(b) on the erroneous grounds that one claimant, the Administrator, resides in the District of Columbia. As explained above, none of the claimants, including the Administrator, reside in the District of Columbia. All of the claimants reside in the Commonwealth of Virginia. Accordingly, venue is not proper in the District of Columbia and the case should be dismissed.

### III.   The Complaint Should Be Dismissed For Forum Non Conveniens

In considering where to try an interpleader case, the stakeholder plaintiff's forum choice is not generally a great interest and carries no presumption of being the most convenient forum. *Employees Savings Plan of Mobil Oil Corp. v. Vickery*, 99 F.R.D. 138, 144 (S.D.N.Y. 1983); *Wilmington Trust Co. v. Gillespie*, 397 F. Supp. 1337 (D.C. Del. 1975). Moreover, the federal interpleader statute should not be used for forum shopping. *Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484 (7th Cir. 1984). In the instant action, all claimants reside in the Commonwealth of Virginia. Decedent's Estate is located in Virginia. Plaintiff has alleged that it is authorized to conduct business in Virginia, but has failed to claim that it is similarly authorized to conduct business in the District of Columbia. In other words this action has absolutely no

connection to the District of Columbia, except for the immaterial fact that the Administrator may be employed in the District of Columbia.

### IV. The Complaint Should Be Dismissed Pursuant to Rule 12(b)(6) For Failure to State a Claim

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When considering a 12(b)(6) motion, the court must operate upon the assumption that the factual allegations in the complaint are true. *Neitzke v. Williams*, 490 U.S. 319, 326-327 (1989). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon, supra*, at 73, a claim must be dismissed, regardless of whether said claim is based upon an outlandish legal theory or upon an ultimately unavailing one. *Neitzke* at 327; *See, e.g. Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (federal courts lack power to entertain claims that are "'so attenuated and unsubstantial as to be absolutely devoid of merit'") (citation omitted); *Bell v. Hood*, 327 U.S. 678, 682-683 (1946).

Plaintiff has failed to state a claim for interpleader. According to documents referred to in Plaintiff's complaint and central to its interpleader claim, the Administrator's residence is in Virginia. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (documents attached to Motion to Dismiss considered, if referred to in Plaintiff's complaint and central to its claim). As discussed above, all claimants must be diverse in order to maintain a statutory interpleader action.

### CONCLUSION

WHEREFORE, the Court should grant Defendant Masoomeh Ashoori Matini's Motion to dismiss this Cause pursuant to Rule 12 of the Federal Rules of Civil Procedure for lack of subject

matter jurisdiction, improper venue, forum non conveniens, and failure to state a claim upon which relief may be granted, and award her, her attorneys fees and costs herein.

> Respectfully Submitted,
>
> MASOOMEH ASHOORI MATINI
>
> By Counsel
>
> _____
> Bernard J. DiMuro, Esq. (D.C. Bar #929406)
> DIMURO GINSBERG, P.C.
> 908 King Street, Suite 200
> Alexandria, VA 22314
> (703) 684-4333
> (703) 548-3181 (facsimile)
> Counsel for Defendant
> Masoomeh Ashoori Matini

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was faxed and mailed, postage prepaid this 28th day of June, 2005 to the following:

> Jean-Marie Sylla, Jr., Esq.
> 1220 Nineteenth Street, N.W.
> Suite 501
> Washington, D.C. 20036
> (202) 689-8991 (ph)
> Counsel for Plaintiff
>
> Jason D. Smolen, Esq.
> SMOLEN PLEVY
> 8045 Leesburg Pike, Suite 450
> Vienna, VA 22182
> (703) 790-1900 (ph)
> (703) 790-1754 (fax)
> Co-counsel for Defendant
> Masoomeh Ashoori Matini

_____
Bernard J. DiMuro