IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RELIANCE STANDARD LIFE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. 1:05-CV-01101 (HHK) |
| ) | |
| **MASOOMEH ASHOORI MATINI,** ) | |
| *ET AL*, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM OF LAW OF DEFENDANT F. ALEXANDER MATINI IN
OPPOSITION TO DEFENDANT MASOOMEH ASHOORI MATINI'S
<u>RULE 12 MOTION TO DISMISS THE COMPLAINT</u>**

Defendant F. Alexander Matini, by counsel, submits this Memorandum of Law in opposition to Defendant Masoomeh Ashoori Matini's Motion to Dismiss the Complaint filed herein, and in support thereof, states as follows:

<u>STATEMENT OF FACTS</u>

1.      Defendant F. Alexander Matini adopts paragraphs 1, 2, 3, 4, 5 and 6 of Defendant Masoomeh Ashoori Matini's Rule 12 Motion to Dismiss the Complaint as if stated in full herein.

2.      Defendant F. Alexander Matini is a resident of the District of Columbia, having resided therein at 1015 33rd Street, Unit 410, Washington, DC since September 2004 with his fiancée Zeina Afif. Ms. Afif's lease is attached hereto as Exhibit 1.

L B. WARD
y at Law
ourthouse Road
3
VA 22182
3-6284

3. Defendant F. Alexander Matini previously resided with Ms. Afif at 1581 Leeds Castle Drive, Unit 102, Vienna, VA 22182. Ms. Afif leased that property on August 28, 2004 to four other parties, none of whom is F. Alexander Matini. A copy of the lease is attached hereto as Exhibit 2.

4. Ms. Afif and Mr. Matini have had long distance telephone service to their Washington, DC address since taking up residence therein. Copies of their Primus phone bills from September 2004 through May 2005 are enclosed hereto as Exhibit 3.

5. Mr. Matini has had Verizon phone service to his Washington, DC address since taking up residence therein. Copies of his Verizon phone bills from September 2004 through May 2005 are enclosed hereto as Exhibit 4.

6. In his despair eight days after the death of his brother, F. Alexander Matini incorrectly listed his former address on the Probate Information Form prepared for qualification as the Executor of the estate of his brother, Houman Michael Matini.

## ARGUMENT

### I. This Court Has Subject Matter Jurisdiction for This Interpleader.

The claimants are diverse in their citizenship in that Defendant F. Alexander Matini is a citizen of the District of Columbia and Defendant Masoomeh Ashoori Matini is a citizen of the Commonwealth of Virginia, while Plaintiff Reliance Standard Life Insurance Company operates under the laws of the State of Illinois with its administrative offices located in the State of Pennsylvania.

This Court further has subject matter jurisdiction because the controversy involves a Federal

question in that the life insurance policy at issue is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). The district courts have original jurisdiction over cases governed by ERISA. <u>Vasquez v. Paul Revere Life Ins. Co.</u>, 289 F. Supp. 2d 727, 730-731 (E.D. Va. 2003).

**II, III.  Venue is Proper in This Court, and This Forum is Not an Inconvenient Forum.**

One of the claimants, F. Alexander Matini, resides in the District of Columbia; therefore venue in this Court is proper.

**IV.    The Complaint in This Matter States a Valid Claim.**

The claimants are diverse in their citizenship in that Defendant F. Alexander Matini is a citizen of the District of Columbia and Defendant Masoomeh Ashoori Matini is a citizen of the Commonwealth of Virginia, while Plaintiff Reliance Standard Life Insurance Company operates under the laws of the State of Illinois with its administrative offices located in the State of Pennsylvania.

This Court further has subject matter jurisdiction because the controversy involves a Federal question in that the life insurance policy at issue is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). The district courts have original jurisdiction over cases governed by ERISA. <u>Vasquez v. Paul Revere Life Ins. Co.</u>, 289 F. Supp. 2d 727, 730-731 (E.D. Va. 2003).

L B. WARD
y at Law
ourthouse Road
3
VA 22182
3-6284

## **CONCLUSION**

WHEREFORE, this Court should deny Defendant Masoomeh Ashoori Matini's motion to dismiss this cause.

Respectfully submitted,

_____/s/_____
Michael E. Geltner, Esq.
Geltner & Associates, P.C.
Number 10 E Street, S.E.
Washington, DC 20003
(202) 547-1136

Paul B. Ward, Esq.
8304 Old Courthouse Road, Suite B
Vienna, Virginia 22182
(703) 893-6284

Attorneys for Defendant
F. Alexander Matini

L B. WARD
y at Law
ourthouse Road
VA 22182
3-6284

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing MEMORANDUM OF LAW OF DEFENDANT F. ALEXANDER MATINI IN OPPOSITION TO DEFENDANT MASOOMEH ASHOORI MATINI'S RULE 12 MOTION TO DISMISS THE COMPLAINT was sent via first class mail, postage prepaid, this 8th day of July, 2005 to the following:

Bernard J. DiMuro, Esq.
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
*Counsel for Defendant Masoomeh Ashoori Matini*

Jason D. Smolen, Esq.
8045 Leesburg Pike, Suite 450
Vienna, VA 22182
*Co-Counsel for Defendant Mawsoomeh Ashoori Matini*

Jean-Marie Sylla, Jr., Esq.
1220 Nineteenth Street, N.W., Suite 501
Washington DC 20035
*Counsel for Plaintiff Reliance Standard Life Insurance Company*

　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　Michael E. Geltner, Esq.

L B. WARD
y at Law
ourthouse Road
3
VA 22182
3-6284