IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Reliance Standard Life Insurance Company | : | |
| | : | Civil Action |
| v. | : | |
| | : | No.: 1:05CV01101 (HHK) |
| Masoomeh Ashoori Matini | : | |
| | : | |
| and | : | |
| | : | |
| F. Alexander Matini | : | |

**Response in Opposition to Masoomeh Ashoori Matini's
Rule 12 Motion to Dismiss the Complaint**

Reliance Standard Life Insurance Company, by and through its undersigned counsel hereby files this response in opposition to Masoomeh Ashoori Matini's Rule 12 Motion to Dismiss the Complaint. In support of this response, Reliance Standard incorporates the accompanying response to Masoomeh Ashoori Matini's Statement of Facts and the accompanying Memorandum in Opposition to the Motion to Dismiss.

                                        TAYLOR SYLLA & AGIN, LLP

                                        BY: _____/s/_____
                                            Jean-Marie Sylla, Jr., Esquire
                                            Bar No. 469371
                                            Attorneys for Reliance Standard
                                            Life Insurance Company
                                            1220 Nineteenth Street, NW, Ste. 501
                                            Washington, DC  20036
                                            Telephone: 202.689.8991

Date:  July 11, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Reliance Standard Life Insurance Company | : | |
| | : | Civil Action |
| v. | : | |
| | : | No.: 1:05CV01101 (HHK) |
| Masoomeh Ashoori Matini, et al | : | |

**Response to Statement of Facts of Masoomeh Ashoori Matini
in Support of her Motion to Dimsiss**

Reliance Standard Life Insurance Company (Reliance Standard) by and through its undersigned counsel hereby files this response to the Statement of Facts of Masoomeh Ashoori Matini in Support of her Motion to Dismiss and alleges as follows:

1. Admitted. Further, as alleged within the Complaint, this lawsuit was also filed pursuant to 29 U.S.C. §1132.

2-3. Admitted.

4. Admitted in part and denied in part. Reliance Standard lacks knowledge or information sufficient to form a belief as to the location of the residence of Nasser Matini.

5-6. Admitted.

7. Denied. As stated within the Complaint and affirmed within Mr. Matini's response in opposition to the Motion to Dismiss, Mr. Matini resides in Washington, DC.

WHEREFORE, the Motion to Dismiss of Masoomeh Ashoori Matini should be denied.

TAYLOR SYLLA & AGIN, LLP

BY: _____/s/_____
Jean-Marie Sylla, Jr., Esquire
Bar No. 469371
Attorneys for Reliance Standard
Life Insurance Company
1220 Nineteenth Street, NW, Ste. 501
Washington, DC  20036
 Telephone: 202.689

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Reliance Standard Life Insurance Company | : | |
| | : | Civil Action |
| v. | : | |
| | : | No.: 1:05CV01101 (HHK) |
| Masoomeh Ashoori Matini | : | |
| | : | |
| and | : | |
| | : | |
| F. Alexander Matini | : | |

**Reliance Standard Life Insurance Company's Memorandum in Opposition to
Masoomeh Ashoori Matini's Motion to Dismiss**

I.   Introduction

This lawsuit was filed after Reliance Standard Life Insurance Company (Reliance Standard) received conflicting claims to benefits totaling $134,000.00 due under its group life insurance policy number GL 134491 (the "policy"). The policy insured the life of Houman Michael Matini (decedent). It had been issued to decedent's employer, Sytex, Inc. and was part of Sytex, Inc.'s employee welfare benefit plan. The policy and the conflicting claims of defendants are therefore governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1001, *et seq*.

Following decedent's death, Reliance Standard received a claim form decedent's wife, Masoomeh Ashoori Matini (Ms. Matini), to all benefits due under the policy. Although married, the Certificate of Death reported that decedent and Ms. Matini were separated. A conflicting claim was asserted by F. Alexander Matini (Mr. Matini), both individually and as Administrator of decedent's Estate. Reliance Standard has consistently acknowledged that benefits totaling $134,000 are due. However, Reliance Standard has not been able to determine which claimant is the proper beneficiary. Accordingly, Reliance Standard filed this lawsuit.

Ms. Matini has filed a Motion to Dismiss, alleging lack of subject matter jurisdiction, improper venue, forum non conveniens and failure to state a claim. The motion is based, in large part on an allegation that the Complaint incorrectly identifies Mr. Matini's place of residence as Washington, DC and that the action can not be heard in this district. However, Mr. Matini has filed a response in opposition to the Motion to Dismiss, confirming that he does reside in Washington, DC. Reliance Standard incorporates the factual allegations contained within Mr. Matini's response. For the additional reasons stated below, Ms. Matini's Motion to Dismiss should be denied.

II.   This Court has jurisdiction because of the federal question presented, as well as Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §1335

ERISA governs employee welfare benefit plans, which are defined by 29 U.S.C. §1002 to include disability plans established or maintained by an employer for the benefit of its employees. The policy, which was submitted as exhibit "B" to the Complaint, was part of such a plan because it was established and maintained by Sytex, Inc. and because participation in the plan was not voluntary. See policy, p. 1.0, 29 U.S.C. §1002, 29 C.F.R. §2510.3-1(j). All remedies available to a beneficiary under an ERISA policy are governed by ERISA. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004), *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987). It is clear that federal jurisdiction exists in this case.

Additional federal jurisdiction exists pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §1335, both of which allow for the filing of this Interpleader action. Ms. Matini's argument that the diversity requirements of 28 U.S.C. §1335 have not been met must be rejected, because Ms. Matini resides in Virginia and Mr. Matini resides in Washington, DC.

Exhibits "A," "E," "F," and "H" to the Interpleader Complaint each show that defendant, Mr. Matini resides in Washington, D.C. Mr. Matini has confirmed his Washington, D.C. residency and clarified the error within the probate documents which led Ms. Matini to believe that he resides in Virginia. Accordingly, Ms. Matini's arguments must be rejected.

III.    Ms. Matini's arguments of improper venue and forum non conveniens must be rejected

As noted above, Ms. Matini's arguments are based on an erroneous belief that Mr. Matini does not reside in Washington, D.C. The record clearly shows that Mr. Matini does reside in Washington, D.C. and therefore, the Motion to Dismiss for improper venue and forum non conveniens should be denied.

IV.    The Complaint states a claim of which relief can be granted

The facts of this case, as clearly set forth in the Complaint and as summarized above state a claim upon which relief can be granted. Reliance Standard does not dispute that benefits are due but seeks relief from the conflicting claims. The relief requested by Reliance Standard may be obtained through Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §1335, as alleged within the Complaint. Furthermore, because of the filing of this Interpleader action, both claimants are provided an opportunity to assert there claims under 29 U.S.C §1132.

V.    Even if venue were improper, dismissal would not be in the interest of justice

Pursuant to 28 U.S.C. §1406, a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.*" (Emphasis added). Transfer need not be to another district within the same state. *See e.g. Boyer v. J.A. Majors Co. Emp. Profit Sharing Plan*, 481 F. Supp. 454 (D.C. Ga. 1979). This lawsuit was recently filed and the Court has not yet set a scheduling order. It the event that this Court finds that venue is

not proper in this district, transfer rather than dismissal would be appropriate in order to avoid unnecessary costs associated with filing a new action based on the same allegations and claims.

VI.     Conclusion

Contrary to the allegations of Ms. Matini, there is diversity of citizenship between the defendants in this lawsuit.  Furthermore, the Interpleader action is subject to federal jurisdiction because of the federal question presented by the ERISA governed policy and claims.  Reliance Standard has properly stated a claim upon which relief can be granted and accordingly, Ms. Matini's Motion to Dismiss should be denied.  Alternatively, if the Court finds that venue is not appropriate in this district, the lawsuit should be transferred rather than dismissed.

TAYLOR SYLLA & AGIN, LLP

BY: _____/s/_____
    Jean-Marie Sylla, Jr., Esquire
    Bar No. 469371
    Attorneys for Reliance Standard
    Life Insurance Company
    1220 Nineteenth Street, NW, Ste. 501
    Washington, DC  20036
    Telephone: 202.689.8991

Date:   July 11, 2005

## CERTIFICATE OF SERVICE

      The undersigned counsel for Reliance Standard Life Insurance Company hereby certifies that true and correct copies of Reliance Standard Life Insurance Company's Response in Opposition to Masoomeh Ashoori Matini Rule 12 Motion to Dismiss the Complaint; Response to Statement of Facts of Masoomeh Ashoori Matini in Support of her Motion to Dismiss; Reliance Standard Life Insurance Company's Memorandum in Opposition to Masoomeh Ashoori Matini's Motion to Dimsiss and Proposed Order were served on the following counsel of record, via ECF notification or U.S. Mail, postage prepaid (if not registered for ECF) on the date set forth below:

                                      Bernard J. DiMuro, Esquire
                                      DiMuro Ginsberg, PC
                                      908 King Street, Suite 200
                                      Alexandria, VA 22314

                                      Michael Geltner, Esquire
                                      Geltner & Associates, PC
                                      Number 10E Street, SE
                                      Washington, DC 20003

                                      Paul B. Ward, Esquire
                                      8304 Old Courthouse Road
                                      Suite B
                                      Vienna, VA 22182


                                      BY: _____/s/_____
                                            Jean-Marie Sylla, Jr., Esquire

Date:   July 11, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Reliance Standard Life Insurance Company : | |
| : | Civil Action |
| v. : | |
| : | No.: 1:05CV01101 (HHK) |
| Masoomeh Ashoori Matini : | |
| : | |
| and : | |
| : | |
| F. Alexander Matini : | |

**ORDER**

AND NOW, this _____ day of _____, 2005, upon consideration of Defendant Masoomeh Ashoori Matini's Rule 12 Motion to Dismiss the Complaint and all responses thereto, it is hereby ORDERED that said motion is DENIED.

BY THE COURT

_____

Copies to:

Bernard J. DiMuro, Esquire
DiMuro Ginsberg, PC
908 King Street, Suite 200
Alexandria, VA 22314

Michael Geltner, Esquire
Geltner & Associates, PC
Number 10E Street, SE
Washington, DC 20003

Paul B. Ward, Esquire
8304 Old Courthouse Road
  Suite B
Vienna, VA 22182

Jean-Marie Sylla, Jr., Esquire
Taylor Sylla & Agin, LLP
1220 Nineteenth Street, NW
  Suite 501
Washington, DC 20036