IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASOOMEH ASHOORI MATINI, )<br>)<br>and )<br>)<br>F. ALEXANDER MATINI, )<br>)<br>Defendants. ) | Civil Action No.: 1:05CV01101 (HHK) |

**DEFENDANT MASOOMEH ASHOORI MATINI'S REPLY MEMORANDUM IN SUPPORT OF HER RULE 12 MOTION TO DISMISS THE COMPLAINT**

Defendant Masoomeh Ashoori Matini ("Mrs. Matini"), by and through her counsel, submits this Reply in support of her motion to dismiss this action, or in the alternative, to transfer venue to the District Court for the Eastern District of Virginia, Alexandria Division.

I. **Defendant F. Alexander Matini's Claim To Be A Resident Of The District Of Columbia Is Suspect**

Defendant F. Alexander Matini ("Alex Matini") has submitted a memorandum of law in opposition to Mrs. Matini's motion to dismiss (hereinafter "Opposition").[1] Alex Matini claims to have resided in the District of Columbia since September 2004. Mrs. Matini finds this allegation dubious in light of the surrounding factual circumstances. In the probate papers Alex Matini completed and submitted to the Circuit Court of Fairfax County, Virginia in February

---

[1] Plaintiff Reliance Standard Life Insurance Company has also submitted a memorandum of law in opposition to the motion to dismiss. Plaintiff's argument that venue is proper in this Court rests entirely on defendant Alex Matini's claim to reside in Washington, D.C.

2005, for the purpose of qualifying as executor of the estate of Houman Michael Matini ("decedent"), he repeatedly lists Virginia, not Washington, D.C., as his residence. For instance, on the Probate Information Form filled out by Alex Matini on February 28, 2005, he provides his home address as 1581 Leeds Castle Drive, #102, Vienna, Virginia 22182 and his work address as 1015 33rd Street, N.W., #410, Washington, D.C. 20007. *See* Exhibit A. On the Memorandum of Facts, also dated February 28, 2005, Alex Matini again provides his home address as 1581 Leeds Castle Drive, #102, Vienna, Virginia 22182 and his work address as 1015 33rd Street, N.W., #410, Washington, D.C. 20007. *See* Exhibit B. Likewise, on the Fiduciary Acknowledgment signed and acknowledged by Alex Matini, as executor of decedent's estate, he provides his home address as 1581 Leeds Castle Drive, #102, Vienna, Virginia 22182 and his work address as 1015 33rd Street, N.W., #410, Washington, D.C. 20007. *See* Exhibit C. These documents were signed ***six months*** after Alex Matini purportedly moved to Washington, D.C.

Interestingly, Alex Matini now claims to live at the very same address he expressly represented to the Fairfax County Circuit Court as being his work address (*i.e.* 1015 33rd Street, N.W., #410, Washington, D.C. 20007). *See* Opposition, ¶2 and Exhibits A, B and C. Notwithstanding Alex Matini's claim of grief over the circumstances of decedent's death, counsel for Mrs. Matini finds it incredible that more than a week after decedent's death, Alex Matini would be so grief struck that he would provide his former home address as his current home address alongside his purported current home address as his work address on official court papers. He also identifies a business know as Apex Matrix, LLC as being located at the address he asserts is his D.C. home address. These dubious facts suggest that Alex Matini either is not being truthful with this Court, or that he was not being truthful with the Fairfax County Circuit

Court. Either alternative begs the same result: dismissal of the action or transfer of the case to the Eastern District of Virginia.

## II. If Washington, D.C. Is Alex Matini's Truthful Residence Then He Has Not Properly Qualified As Executor Of Decedent's Estate In Virginia And His Residence Should Have No Bearing On This Litigation

Alex Matini has submitted a claim to the proceeds of decedent's estate not on his own behalf, but rather on behalf of decedent's father and estate. *See* Interpleader Complaint, ¶ 17 and Exhibit E attached thereto. According to Virginia law, a named executor who resides outside of Virginia who desires to be appointed as executor, must bring a Virginia resident to the appointment to either co-qualify or be designated as a registered agent. Va. Code Ann. § 26-59 (2005). Assuming that Alex Matini truly resides in Washington, D.C., as he now claims, and did so at the time he completed the probate papers to qualify as executor of decedent's estate, he has not properly qualified to serve as executor. There is no indication that Alex Matini complied with this provision, thus his appointment as executor is invalid. Hence, he should not be included in the present litigation as executor of decedent's estate. Moreover, he has no individual standing as he is not listed as a beneficiary of decedent's insurance proceeds and cannot assert a claim on behalf of his father.

## III. Regardless Of Defendant F. Alexander Matini's Actual Residence, He Is Not A Real Party In Interest To This Litigation And His Residence Should Not Be Considered For Purposes Of Determining The Proper Venue

Federal Rule of Civil Procedure 17(a) provides in pertinent part, "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). The purpose and object of the real party in interest principle embodied in FRCP 17 is that an action must be brought by a person who possesses the right to enforce the claim and who has a significant

3

interest in the litigation. *See, e.g., Price v. Crestar Securities Corp.*, 44 F. Supp. 2d 351, 354-355 (D.D.C. 1999). In the context of determining diversity of citizenship for jurisdictional purposes, the U.S. Supreme Court has held that the parties upon which diversity is based must be the "real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461.

In the present action, Alex Matini is acting in a representative capacity as executor of decedent's estate. As such, he is not a real party in interest to the litigation and his citizenship should be disregarded for purposes of determining the proper venue for this action. *National Bank of Washington v. District of Columbia*, 226 F.2d, 763, 764 (D.D.C. 1955)(holding that the executor of an estate was merely a nominal party). Moreover, as discussed *supra*, either Alex Matini is a citizen of Washington, D.C. and thus has not rightfully qualified to serve as executor of a Virginia estate, or he is a citizen of Virginia and there is no diversity of citizenship. Even if he were a resident of Washington, D.C., he has no standing in this case.

**IV.     Related Litigation Is Pending In The Fairfax County Circuit Court**

On or about June 29, 2005, Mrs. Matini filed an action in the Fairfax County Circuit Court alleging a third party breach of contract claim against plaintiff for failing to pay the insurance proceeds to her and seeking a declaratory judgment that she is the sole and rightful beneficiary under the life insurance policy and that plaintiff is obligated to pay the entirety of the proceeds of the policy to her. The present case should be dismissed and the parties' claims should be allowed to proceed in the Fairfax County Circuit Court.

V.   **Conclusion**

Decedent was a resident of the Commonwealth of Virginia at the time of his death and his estate is located in Virginia. Decedent's wife, defendant Masoomeh Ashoori Matini, is a resident of Virginia. Defendant F. Alexander Matini is either a citizen of Washington, D.C. and thus has not rightfully qualified to serve as executor of decedent's estate or he, too, is a citizen of Virginia. Plaintiff is authorized to do business in Virginia, but has not alleged it is authorized to do business in Washington, D.C. *See* Complaint, ¶1. All facts indicate that this matter should be litigated in Virginia, not Washington, D.C.

WHEREFORE, defendant Masoomeh Ashoori Matini asks that the Court grant her motion to dismiss this cause pursuant to Rule 12 of the Federal Rules of Civil Procedure, alternatively, she asks that the Court transfer venue to the District Court for the Eastern District of Virginia, Alexandria Division. Because this action was filed in an improper forum, plaintiff should be denied attorney fees for this interpleader action or at least denied all fees incurred subsequent to the initial filing of the complaint.

> Respectfully Submitted,
>
> MASOOMEH ASHOORI MATINI
> By Counsel

_____
Bernard J. DiMuro, Esq. (D.C. Bar #929406)
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (facsimile)
*Counsel for Defendant Masoomeh Ashoori Matini*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was faxed and mailed, postage prepaid this 22nd day of July, 2005 to the following:

> Jean-Marie Sylla, Jr., Esq.
> TAYLOR SYLLA & AGIN, LLP
> 1220 Nineteenth Street, N.W.
> Suite 501
> Washington, D.C. 20036
> *Counsel for Plaintiff*
>
> Michael E. Geltner, Esq.
> GELTNER & ASSOCIATES, P.C.
> Number 10 E Street, S.E.
> Washington, D.C. 20003
> *Counsel for Defendant F. Alexander Matini*
>
> Paul B. Ward, Esq.
> 8304 Old Courthouse Road, Suite B
> Vienna, Virginia 22182
> *Counsel for Defendant F. Alexander Matini*
>
> Jason D. Smolen, Esq.
> SMOLEN PLEVY
> 8045 Leesburg Pike, Suite 540
> Vienna, Virginia 22182
> *Co-counsel for Defendant
> Masoomeh Ashoori Matini*

_____
Bernard J. DiMuro