IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY, : | |
| Plaintiff, : | |
| v. : | Civil Action No.: 1:05CV01101 (HHK) |
| MASOOMEH ASHOORI MATINI, : | |
| and : | |
| F. ALEXANDER MATINI, : | |
| Claimants. : | |

### CLAIMANT MASOOMEH ASHOORI MATINI'S ANSWER TO FIRST AMENDED INTERPLEADER COMPLAINT

Claimant Masoomeh Ashoori Matini a/k/a Masih Ashoori Matini ("Ms. Matini") hereby files her answer to the First Amended Interpleader Complaint as follows:

### PARTIES

1. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 1.

2. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 2.

3. Admitted.

4. Admitted.

5. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 5 and therefore deny same and demand strict proof thereof. Ms. Matini notes that contrary to F. Alexander Matini's ("Alex Matini") representations in his memorandum of law in opposition to Ms. Matini's motion to dismiss the original complaint that he has resided at 1015 33rd Street, Unit 410, Washington, D.C. since September 2004, on the fiduciary paperwork he executed and submitted to the Circuit Court of Fairfax County on February 28, 2005, Alex Matini lists his home address as 1581 Leeds Castle Drive, #102, Vienna, Virginia 22182.

6. Admitted.

7. Ms. Matini admits that Alex Matini has been appointed as the Administrator of the Estate. However, upon information and belief, Alex Matini has not properly qualified as Administrator under Virginia law.

## JURISDICTION

8. Paragraph 8 contains conclusions of law. The rule and statutes speak for themselves.

## VENUE

9. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 9 and therefore deny same and demand strict proof thereof. *See* response to ¶ 5 above.

## FACTS

10. Admitted.

11. Admitted.

12. Admitted.

13. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 13, but assume such allegations are true because Plaintiff has interplead under the life policy and therefore Ms. Matini does not contest this allegation.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 18.

19. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 19.

20. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 20.

21. Admitted.

22. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 22.

### COUNT I - INTERPLEADER

23. Ms. Matini incorporates by references her responses to paragraphs 1 through 22 of the First Amended Interpleader Complaint.

24. Admitted.

25. Admitted.

26. Admitted.

27. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 27.

28. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 28, but assume such allegations are true because Plaintiff has interplead under the life policy and therefore Ms. Matini does not contest this allegation.

29. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 29, but assume such allegations are true because Plaintiff has interplead under the life policy and therefore Ms. Matini does not contest this allegation.

30. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 30, but assume such allegations are true because Plaintiff has interplead under the life policy and therefore Ms. Matini does not contest this allegation.

31. Ms. Matini admits that Reliance Standard is faced with multiple and conflicting claims of entitlement to the proceeds of the life and accident policies, however, combined these policies total $268,000.00. Ms. Matini is without sufficient information to either admit or deny the remaining allegations in paragraph 31.

32. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 32.

33. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 33.

34. Ms. Matini is without sufficient information to either admit or deny the allegations in paragraph 34 and therefore deny same and demand strict proof thereof. To the extent paragraph 34 purports to allege that Ms. Matini is liable to Plaintiff for its attorney fees and costs incurred in the filing of this interpleader action, such allegation is denied. This action arises solely on account of Alex Matini's baseless claim to the interplead funds, and therefore, he should be held solely liable for any award of attorney fees and costs this Court deems appropriate.

WHEREFORE, Claimant Massoomeh Ashoori Matini hereby prays that the Court award her the proceeds of the life and accident policies and deny the claim of the remaining claimant.

Respectfully Submitted,

MASOOMEH ASHOORI MATINI
By Counsel

_____
Bernard J. DiMuro, Esq. (D.C. Bar #929406)
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing mailed, postage prepaid this 21st day of December, 2005 to the following:

>Jean-Marie Sylla, Jr., Esq.
>1220 Nineteenth Street, N.W.
>Suite 501
>Washington, D.C. 20036
>*Counsel for Plaintiff*
>
>Michael E. Geltner, Esq.
>GELTNER & ASSOCIATES, P.C.
>Number 10 E Street, S.E.
>Washington, D.C. 20003
>*Counsel for Defendant*
>*F. Alexander Matini*
>
>Paul B. Ward, Esq.
>8304 Old Courthouse Road, Suite B
>Vienna, VA 22182
>*Counsel for Defendant*
>*F. Alexander Matini*
>
>Jason D. Smolen, Esq.
>SMOLEN PLEVY
>8045 Leesburg Pike, Suite 450
>Vienna, VA 22182
>(703) 790-1754 (fax)
>*Co-counsel for Defendant*
>*Masoomeh Ashoori Matini*

_____
Bernard J. DiMuro

6